Earl, J.
William Sperb, Jr., owns a lot No. 926 and Annie C. Sperb lot No. 924 Sixth avenue, in the city of New York. Both lots are near Fifty-second street, and each party brought an action to recover damages on account of the construction, maintenance and operation of the elevated railway through the avenue, and prayed judgment for damages and an injunction. Each recovered $1,457 for rental damages and $2,350 for fee damages. The findings in both actions are substantially the same. The damages were awarded, although the referee found “that in the year 1875, and before the defendants’ said elevated railroad structure was erected in front thereof, the rent of said premises known as No. 926 Sixth avenue fell to the sum of $2,400; that the present rentals produced by said premises known as No. 926 Sixth avenue are $2,784 per annum; that the rentals of the stores in said premises known as No. 926 Sixth avenue have increased since the maintenance and operation of the defendants’ said railroad in front thereof forty per cent, and upwards; that the maintenance and operation of defendants’ said railroad on said Sixth avenue brings a large number of persons daily into the said Sixth avenue, in the immediate neighborhood of the premises known as No. 926 Sixth avenue, and increases the traffic in and upon the said Sixth *665 avenue at this point; that the effect of the proximity of the defendants’ said railroad on the said Sixth avenue, in front of the premises known as No. 926 Sixth avenue, is advantageous to the business portion of said premises, and produces a special benefit to the same for business purposes.”
After a careful reading of the evidence we are not satisfied that the two lots received any damage whatever from the construction, maintenance and operation of the road. The learned referee may have reached his conclusion by the misapprehension and misapplication of the rules of law laid down by this court, particularly in Newman v. Elevated R. R. Co., 118 N. Y., 618; 30 St. Rep., 36, and Bohm v. The Same, 129 N. Y., 576; 42 St. Rep., 247. We are constrained to believe that he did by further noticing his refusal to find the following facts, as requested by the defendants:
11 That the easements, if any, appurtenant to plaintiff’s premises known as No. 926 Sixth avenue, and taken or interfered with by defendants’ railwajq besides any consequential damages, if any, to said premises from the taking of the same, have in themselves only a nominal value.”
And to make the following findings of law as requested by them:
“ That the benefits resulting from the defendants’ railroad to the business portion of the premises known as No. 926 Sixth avenue, and peculiar thereto, should be offset against any consequential damages accruing to the said property from the maintenance and operation of defendants’ said railroad in front thereof.”
“The plaintiff is not entitled to recover any greater sum as damages to the use of the premises in suit than the net amount of the consequential injury thereto after setting off the value of the special benefit accruing to the said property from the said railroad against any injury and inconvenience therefrom.”
These latter requests embody correct principles of law as laid down in the cases above cited, and were rendered pertinent by the findings of fact above quoted; and in view of the facts appearing in the record, we must infer that those principles were not properly applied by the referee, and that the defendants were deprived of the full benefit of them.
For these errors, the judgment in each case should, be reversed and a new trial granted, costs to abide event.
All concur.